UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------- X
JOSEPH A. FERRARA, SR., FRANK H. FINKEL, MARC
HERBST, DENISE RICHARDSON, THOMAS F. CORBETT, **ORDER**
ANTHONY D'AQUILA, THOMAS GESUALDI, LOUIS 10-CV-6019 (ADS) (WDW)
BISIGNANO, DOMINICK MARROCCO, and ANTHONY
PIROZZI, as Trustees and Fiduciaries of the Local 282 Welfare
Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job
Training Trust Fund, and the Local 282 Vacation and Sick Leave
Trust Fund,

                                 Plaintiffs,

      -vs.-

ISLAND LOGISTICS INC. and EAST COAST
TRANSPORTATION SERVICES, INC.,

                               Defendants.
-------------------------------------------------------------------------------X

**APPEARANCES:**

**Cohen, Weiss and Simon LLP**
*Attorneys for the plaintiffs*
330 West 42nd Street
New York, NY 10036
      By: Joseph J. Vitale, Esq.
           Michael Seth Adler, Esq., Of Counsel

**NO APPEARANCE:**
Island Logistics, Inc.
East Coast Transportation Services, Inc.

**SPATT, District Judge.**

        On December 29, 2010, the plaintiffs commenced this action against the defendants seeking to collect delinquent employee benefit plan contributions owed by the defendant and to conduct an audit of the defendants' books and records for the period commencing November 1, 2008. On June 29, 2011, the Court entered a default judgment against the defendants, Island Logistics, Inc. and East Coast Transportation Services, Inc., and referred the matter to United

States Magistrate Judge William D. Wall for an inquest as to damages, including reasonable attorneys' fees and costs. On December 19, 2011, Judge Wall issued a Report and Recommendation (the "Report") recommending that the Court award the plaintiffs the following damages for which the defendants are jointly and severally liable: (1) $723,832.22 in delinquent contributions; (2) $277,033.27 in interest, plus per diem interest of $147.96 from March 30, 2011 until the date of judgment and $209.05 from March 9, 2011 until the date of judgment; (3) $282,762.69 in liquidated damages, plus per diem liquidated damages of $ 147.96 from March 30, 2011 until the date of judgment; (4) $7,447.50 in audit fees; and (5) $8,555.75 in attorney's fees and costs. In addition, Judge Wall recommends that the Court order the defendants to submit their books and records for the period commencing November 1, 2008 for audit. To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Wall's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Wall's Report, it is hereby

**ORDERED**, that Judge Wall's Report and Recommendation is adopted in its entirety. The Court awards the plaintiffs: (1) $723,832.22 in delinquent contributions; (2) $277,033.27 in interest, plus per diem interest of $147.96 from March 30, 2011 until the date of judgment and $209.05 from March 9, 2011 until the date of judgment; (3) $282,762.69 in liquidated damages,

plus per diem liquidated damages of $ 147.96 from March 30, 2011 until the date of judgment; (4) $7,447.50 in audit fees; and (5) $8,555.75 in attorney's fees and costs.  In addition, the Court orders the defendants to submit their books and records for the period commencing November 1, 2008 for audit, and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the plaintiffs in the amount of $ $1,299,631.43 plus per diem interest and liquidated damages as set forth in this order, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
January 23, 2012

               ___*/s/ Arthur D. Spatt*_____
                ARTHUR D. SPATT
                United States District Judge